OPINION
In these consolidated matters, Monique Gibson appeals from judgment entries of the juvenile court, which terminated her parental rights and granted permanent custody of her daughters, Artia, Capriss, Deon, and Dvonia Gibson and Marsheri Jenkins, to the Cuyahoga County Department of Children and Family Services, alleging the children should have been placed with David Jenkins, the father of Dvonia and Marsheri, instead of with CCDCFS. In addition, David Jenkins also appeals from the same judgment entries, and alleges the court violated his due process and parental rights when it granted permanent custody of his children to CCDCFS and refused to place his daughters, Dvonia Gibson and Marsheri Jenkins, in his custody. CCDCFS maintains it presented clear and convincing evidence that it is in the best interest of the children to be removed from the custody of their parents and permanently placed with CCDCFS. After reviewing the record before us, we conclude the trial court did not abuse its discretion and affirm the judgment of the court.
The record before us reveals that Monique Gibson gave birth to Marsheri Jenkins on February 13, 1998, and that on February 18, 1998, CCDCFS filed a complaint seeking permanent custody of Marsheri, asserting that the mother tested positive for cocaine while pregnant with Marsheri on September 19, December 2, and December 4, 1997; that she gave birth to two other children who tested positive for cocaine at birth; that she has a drug problem that prevents her from providing proper care for her children; that she gave birth to four other children who have been adjudicated to be neglected and committed to the temporary custody of CCDCFS, and that she has not complied with her previous case plan. Subsequent to the filing of this complaint, CCDCFS removed Marsheri from her mother's care.
On March 17, 1997, CCDCFS filed another complaint seeking temporary custody of the remaining four children, Artia, Capriss, Deon and Dvonia Gibson, alleging that Artia showed her teacher a letter she had written to her mother in which she stated her mother leaves her home alone and uses drugs; that complaint also alleged that on March 11, 1997, the mother left the children at home alone and the following day, neighbors summoned the police after observing the children playing in the street without supervision; and that the children stated they had been left home alone since the previous day. The complaint further alleged the father of Dvonia, David Jenkins, had failed to establish paternity. As a result of this complaint, the Gibson children were committed to the temporary custody of CCDCFS.
The record further reflects at the time the children had been removed from their mother's care, David Jenkins lived in Canton, Ohio, due to his current employment, however, he lived with Monique and the children in Cleveland on the weekends. After the children's removal, CCDCFS developed a case plan to reunite the children with their mother. As a result, Jenkins quit his job in Canton, moved to Cleveland, and attempted to establish suitable housing for his family, in accordance with the case plan. Jenkins additionally established paternity of Dvonia and Marsheri, and participated in a substance abuse assessment, which determined he did not have a substance abuse problem. Jenkins continued, however, to live with Monique, despite his knowledge of her drug abuse problem, and in contravention of his case plan.
Monique Gibson, in accordance with her case plan, completed parenting education and entered a three-month residential drug treatment program and completed it. She relapsed, however, according to Sonya Weathers, a county social worker, on four occasions, as evidenced by a positive urine screen for cocaine. The case plan also instructed mother and father to obtain suitable housing. Gibson and Jenkins testified at the permanent custody hearing they moved into a three-bedroom residence on Harvard Avenue, then temporarily moved in with Jenkins' parents, then moved into a one-bedroom apartment while they waited for a three-bedroom apartment to become available in the same building. At the time of the hearing, the family resided in the one-bedroom apartment.
On February 12, 1998, CCDCFS filed a motion to modify temporary custody to permanent custody with regards to the Gibson children. These cases had been consolidated for a hearing held on November 17, 1998, and the court issued its order on November 24, 1998, granting permanent custody of all five children to CCDCFS. Monique Gibson appeals and sets forth a single assignment of error for our review, and David Jenkins also appeals and sets forth five assignments for our review. Because the following assignments of error concern similar legal issues, we will consider them together. Gibson's assignment of error:
 THE LOWER COURT DECISION GRANTING PERMANENT CUSTODY IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
Jenkins first assignment of error:
 THE COURT'S FINDING THAT MR. JENKINS' CHILDREN COULD NOT OR SHOULD NOT BE PLACED WITH HIM WITHIN A REASONABLE TIME WAS UNSUPPORTED BY ANY CREDIBLE EVIDENCE.
Jenkins second assignment of error:
 NO CLEAR AND CONVINCING EVIDENCE SUPPORTED THE COURT'S FINDING THAT APPELLEE MADE "REASONABLE EFFORTS" TO REUNIFY MR. JENKINS WITH HIS CHILDREN.
Gibson maintains the court's grant of permanent custody is against the manifest weight of the evidence. Jenkins maintains the court abused its discretion in determining that 1) Dvonia and Marsheri should not be placed with him and that 2) CCDCFS failed to present clear and convincing evidence that it made reasonable efforts to reunify Dvonia and Marsheri with Jenkins. CCDCFS maintains the court did not abuse its discretion because it proved, by clear and convincing evidence, that it is in the best interest of the children to be in the permanent custody of CCDCFS.
The issue presented for our review concerns whether the court abused its discretion when it granted permanent custody of the children to CCDCFS and when it determined Dvonia and Marsheri should not be placed in Jenkins' custody.
In considering an award of permanent custody, the court must determine whether, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody and that the child cannot be placed with either parent within a reasonable time. See R.C. 2151.414(B).
In determining whether a child can be placed with either parent in a reasonable time, the court must consider the eight enumerated factors listed in R.C. 2151.414(E). In this case, the court found by clear and convincing evidence that "reasonable efforts were made by the Cuyahoga County Department of Children and Family Services to prevent removal of said children from their home. The court finds that the continued residence of the children in their home will be contrary to their best interest and welfare for the following reasons: mother has a chronic and severe chemical dependency which makes her unable to provide an adequate home for the child (sic). Alleged father has demonstrated a lack of commitment toward by (sic) child by failing to establish paternity and make his whereabouts known to CCDCFS." To his credit, Jenkins has established paternity of Dvonia and Marsheri, and in that respect, the court erred in stating paternity had not been established.
Additionally, the cursory findings by the court may not satisfy the requirements of the statute, which contemplates comprehensive findings before an award of permanent custody of a child may be made to an agency. Although the trial court's determinations raise doubts, since no objection has been made below and no error assigned on appeal, this court is unwilling to, sua sponte, find plain error and reverse the lower court's decision. However, this court's affirmance of the lower court's decision should not be interpreted to be an endorsement of its application of the statute; had the issue been properly raised and argued, a remand to require the trial court to enter more specific findings may have been warranted.
In determining the best interest of the children during the permanent custody hearing, the court must consider the five factors listed in R.C. 2151.414(D), which include the reasonable probability the child will be adopted, the interaction of the child with her parents, siblings and foster parents, the wishes of the child, the custodial history of the child, and the child's need for a legal secure permanent placement.
In its determination, the court considered that mother has a severe chemical dependency, father failed to establish suitable housing and continues to reside with mother, despite his knowledge of her drug addiction, and the parents continue to reside in a one-bedroom apartment. Jenkins' protestations that he did not know of mother's drug addiction is not credible. We therefore conclude the judgment of the trial court is supported by clear and convincing evidence sufficient to support the court's decision to award permanent custody of Marsheri and Dvonia to CCDCFS instead of David Jenkins. Accordingly, these assignments of error are not well taken.
Jenkins third assignment of error:
 THE JUVENILE COURT'S FAILURE TO HOLD A DISPOSITIONAL HEARING ON APPELLEE'S COMPLAINT FOR TEMPORARY CUSTODY, THEREBY LEAVING DVONIA JENKINS IN FOSTER CARE INDEFINITELY WITHOUT ASSESSING HER BEST INTERESTS, IGNORED THE PROCEDURAL MANDATE OF R.C. 2151.35, VIOLATED THE DUE PROCESS RIGHTS AND FUNDAMENTAL PARENTAL RIGHTS OF HER FATHER, AND DISREGARDED A GUIDING PRINCIPLE OF OHIO'S CHILD PROTECTIVE LAWS.
Jenkins fourth assignment of error:
 THE JUVENILE COURT'S FAILURE TO HOLD A DISPOSITIONAL HEARING FOR THE PURPOSES OF CONSIDERING THE BEST INTEREST OF MARSHERI JENKINS DENIED MR. JENKINS' DUE PROCESS RIGHTS AND ABRIDGED HIS FUNDAMENTAL RIGHT TO RAISE MARSHERI.
Jenkins maintains the trial court abused its discretion by failing to conduct a dispositional hearing regarding the complaint for temporary custody with respect to Dvonia Gibson and the complaint for permanent custody with respect to Marsheri Jenkins. CCDCFS maintains the court did conduct such a dispositional hearing in both instances and therefore did not abuse its discretion.
Thus, we are to consider the propriety of the actions by the trial court regarding the complaint for temporary custody of Dvonia Gibson and the complaint for permanent custody of Marsheri Jenkins.
R.C. 2151.35(B) provides if the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate dispositional hearing.
Additionally, Juv.R. 29(F) stated in part:
 Upon the determination of the issues, the court shall do one of the following:
* * *
 (2) If the allegations of the complaint are admitted or proved, do one of the following:
 (a) Enter an adjudication and proceed forthwith to disposition;
 (b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;
 (c) Postpone entry of adjudication for not more than six months;
 (d) Dismiss the complaint if dismissal is in the best interest of the child and the community.
The record reflects the court conducted a temporary custody hearing on June 11, 1997, regarding the Gibson children. The journal entry demonstrates the court amended the complaint to reflect Dvonia's father, David Jenkins, did not want custody of Dvonia at the time of the hearing. The court, after hearing the evidence presented, adjudicated the children to be neglected. The journal entry further reflects the court, after adjudication, proceeded directly to disposition, ordered the emergency temporary custody terminated, and committed the children to the temporary custody of CCDCFS.
The record further reflects the court conducted a permanent custody hearing regarding Marsheri Jenkins on November 17, 1998 and determined her to be neglected. Thereafter, the court conducted a dispositional hearing and ordered that Marsheri be committed to the permanent custody of CCDCFS for purpose of adoption.
Therefore, pursuant to Juv.R. 29(F), the court properly entered an adjudication and proceeded forthwith to disposition in Dvonia Gibson's case and continued the matter for one week in Marsheri's case. Accordingly, we conclude the court did not abuse its discretion and these assignments of error are overruled.
Jenkins' fifth assignment of error:
 THE COURT'S ACCEPTANCE OF THE GUARDIAN AD LITEM'S REPORT SEVEN DAYS AFTER THE FINAL HEARING VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND THE STATUTORY REQUIREMENT OF 2151.414(C) THAT THE GUARDIAN'S WRITTEN RECOMMENDATION BE FILED PRIOR TO OR AT THE TIME OF THE DISPOSITIONAL HEARING.
Jenkins maintains the court erred when it accepted the guardian ad litem's report seven days after the final hearing granting permanent custody. CCDCFS maintains the court postponed its decision until it received the guardian ad litem's report and Jenkins failed to object to the court's extension of time at the hearing.
This significant issue concerns whether the trial court erred when it accepted the guardian ad litem's report seven days after the hearing.
R.C. 2151.414(C) provides in part:
 * * * A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of the this section * * * *.
The record reflects the guardian ad litem filed his report on November 25, 1998, seven days after the November 17, 1998 hearing. However, Jenkins' counsel failed to object when the court agreed to allow the report to be filed later. In light of this fact, and the fact that Jenkins cannot prove he has been prejudiced, we conclude the court did not err in accepting the guardian ad litem's report after the conclusion of the hearing. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES M. PORTER, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL PRESIDING JUDGE